Charles D. Naylor, Esq., (SBN 62243)
LAW OFFICES OF CHARLES D. NAYLOR
A Professional Corporation
11 Golden Shore Drive, Suite 350
Long Beach, CA 90802
Telephone: (310) 514-1200
Facsimile:  (310) 514-1837
E-Mail:     cnaylor@naylorlaw.com

Attorneys for Plaintiff,
PAMELA A. GODWIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA A. GODWIN,<br><br>          Plaintiff,<br><br>     v.<br><br>PRINCESS CRUISE LINES, LTD.;<br><br>          Defendants. | Case No. 19-4936<br><br>**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL** |

COMES NOW the plaintiff, PAMELA A. GODWIN, (hereinafter "Plaintiff") and for a cause of action against defendants, and each of them, complains and alleges as follows:

**JURISDICTION AND VENUE**

1.    This is an action for damages for personal injuries, the value of which exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs.  The injury giving rise to this action occurred while plaintiff was a fare paying passenger aboard a cruise ship operating on navigable waters.  This Court has Jurisdiction under 28 U.S.C. § 1332 as well as under the general maritime law of the United States.  Venue is based on the forum selection clause included in the terms of defendant's passage contract.

1

# GENERAL ALLEGATIONS

2. At all times herein material defendant PRINCESS CRUISE LINES, LTD., (hereinafter "PCL") was a foreign corporation with its principal place of business in the state of California, the County of Los Angeles, and this judicial district.

3. At all times herein material, Plaintiff was and is a resident of the State of Alabama and the County of Baldwin.

4. At all times herein material Defendants, and each of them, owned, operated, maintained, controlled and inspected the vessel STAR PRINCESS (hereinafter "vessel"), a foreign flag passenger cruise vessel which defendant utilized to transport fare paying passengers on cruises on navigable waters of the United States and on the high seas.

5. Prior to the departure date, Plaintiff purchased a ticket for a 12 night Alaskan cruise aboard the vessel with a scheduled departure from Whittier, Alaska on July 31, 2017, and return to Vancouver, Canada on August 12, 2017.

6. At all times material, the vessel was equipped with a marble staircase descending from the 6th deck to the 5th deck in The Piazza section of the vessel. Unbeknownst to Plaintiff, the marble staircase was in a dangerous and defective condition, in violation of applicable standards and codes because, among other things:

    a. The tread depth of the bottom two treads was not uniform across the width of the tread;

    b. The tread depth of the bottom two treads varied excessively from the tread depth of the steps above;

    b. The bottom step did not have a contrasting stripe at the nose or leading edge of the tread;

    c. The color of the marble stair treads was similar to the color of the flooring material below the staircase;

    d. The staircase handrail was too high above the stair treads to be

effective.

The combined effect of the conditions identified above made it difficult for users of the staircase, including Plaintiff, to see the leading edge of the step below and to determine where the staircase ended; and, in addition, made the handrail less effective in the event of a fall.

7.  On or about August 12, 2017, Plaintiff was descending a marble staircase in The Piazza section of the vessel, walking down the left side of the staircase with her left hand on the handrail. As she neared the bottom, because of the dangerous and defective conditions of the staircase identified above Plaintiff believed she had reached the bottom step, but she had not. Instead, she was on the second step from the bottom. As a result, when Plaintiff stepped out, she inadvertently stepped partially on and partially off the bottom step, causing her to fall to the floor where she sustained serious injuries including, inter alia, a displaced fracture of the lateral malleolus of her left ankle and a displaced fracture of the fifth metatarsal of her left foot.

8.  As a direct and legal result of the incident alleged herein Plaintiff, was hurt and injured in her health, strength and activity, sustaining severe physical injury to her body, including but not limited to the injuries describe above, and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause physical and emotional pain and suffering. Plaintiff is informed and believes, and thereupon alleges that some or all of the injuries will result in permanent damage, disability, pain and suffering, causing general damages in an amount within the jurisdictional requirements of this court

9.  As a further direct and legal result of the incident herein alleged, it was and continues to be necessary for Plaintiff to receive medical and/or psychological care and treatment. Plaintiff is informed and believes and thereon alleges that such care and treatment will be so necessary for an indefinite time in the future. The cost of medical and/or psychological care and treatment is not

known at this time and plaintiff alleges as damages herein the amount of such cost according to proof at trial.

10. As a further direct and legal result of the incident herein alleged, Plaintiff has been prevented from attending her usual occupation to the present time and is informed and believes and thereon alleges that she will continue to be so prevented for an indefinite period of time in the future, thereby resulting in a loss of earnings and earning capacity, the exact amount of which is unknown at this time. Plaintiff alleges as damages herein the amount of such loss of earnings and earning capacity in an amount according to proof at trial.

11. Prior to August 12, 2017, Plaintiff (through her attorney of record) and PCL entered into a series of agreements, extending the date for Plaintiff to file suit under the provisions of the PCL passage contract to and including June 7, 2019.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Negligence-General Maritime Law)

12. Plaintiff re-alleges and incorporates hereby by reference Paragraphs 1 to 11, inclusive, of the Jurisdiction, Venue and General Allegations of this Complaint as though the same were fully set forth.

13. As the owner and operator of the vessel, Defendant owed Plaintiff a duty to exercise reasonable care under the circumstances to avoid causing her personal injuries. Defendant had a further duty to warn Plaintiff of any dangerous conditions which were known to Defendant or could have been known to Defendant by reasonable inspection.

14. Defendant breached its duty of care to Plaintiff, inter alia:

Defendants, and each of them, breached their duty of care to Plaintiff by, inter alia;

    a. Causing and/or allowing the aforementioned dangerous conditions to exist aboard the vessel;

    b.    Failing to take appropriate remedial action despite actual and/or constructive notice of the aforementioned dangerous conditions; and,

    c.    Failing to warn passengers, including Plaintiff, of the aforementioned dangerous conditions.

15.    As a direct and legal result of defendants' breach of a duty of care owed to Plaintiff, Plaintiff was injured and suffered damages as aforesaid

## PRAYER

WHEREFORE, Plaintiff prays for damages against defendants, and each of them, as follows:

1. For general damages according to proof;
2. For medical expenses, past and future, according to proof;
3. For loss or earnings and loss of earning capacity, according to proof;
4. For prejudgment interest;
5. For costs of suit; and,
6. For other such relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff PAMELA A. GODWIN hereby demand trial by jury of the above-captioned matter.

Dated: June 6, 2019                  LAW OFFICES OF
                                             CHARLES D. NAYLOR

                                             By:    /s/ Charles D. Naylor
                                                       Charles D. Naylor, Esq.
                                                       Attorneys for PAMELA A. GODWIN